Bowman, J.
Motion -to quash indictment.
The indictment charges that the defendant unlawfully did operate a motor vehicle on a public road so as to endanger the life of one True Corwin.
The offense is charged in the language of the last clause of Section 12603 of the General Code, which provides that:
“Whoever operates a motor vehicle on the public roads or highways at a speed greater than is reasonable or proper, having regard for width, traffic, use and the general or usual rules of such road or highway, or so as to endanger the property, life or limb of any person” shall be punished, etc.
It is urged in support of the motion that the offense defined by 'this statute involves a conclusion; that while a motor vehicle may not be operated at a speed greater than is reasonable or proper or so as to endanger the property, life or limb of another, no speed is prescribed nor description of an overt act, nor specification of acts, conduct or manner of operation which will have such effect, and that an indictment charging the offense in the language of the statute lacks that degree of fullness, certainty .and precision necessary to apprise the accused of the exact charge against him, and to enable him to meet the same and to plead any judgment which may be rendered upon it in bar of a subsequent prosecution for the same offense.
That it is his constitutional right to be informed of the accusation, its nature and ground, see Section 10, Article I of the Constitution.
While penal statutes are to reach no further than their words, it is elementary that an indictment which .charges in the lan *374 guage of the statute the commission of the offense as therein defined is, in general, sufficient.
The rule is not without qualification, and where the statute creating an offense fails to set out the facts constituting it sufficiently to apprise the accused of the precise nature of the charge against him, a more particular statement of the facts will be required in the indictment.
In other words, where the statute does not sufficiently define a particular wrongful act, and give notice to the defendant of the offense he is required to meet, the statute words must be expanded by such specification in the indictment of the essentials as will define the offense with particularity. State v. Doran, 99 Me., 329; State v. Mitchell, 47 W. Va., 789, 791; United States v. Cruikshank, 92 U. S., 542, 558, 562; Johnson v. People, 113 Ill., 102; State v. Schmid, 57 N. J. L. (28 Vroom), 625, 627; Joyce on Indictments, Section 372.
The statute here has to do with the speed with which motor vehicles are to be operated upon the public roads and highways. Any speed that will endanger the property, life or limb of another, or that is greater than is reasonable or proper, having regard for the width, traffic, use and the general or usual rules of such road or highway, is declared unlawful, and is the offense defined by this statute.
The offense is sufficiently defined to convey to the mind of a person of ordinary intelligence adequate information of the evil intended to be prohibited. He is advised that the offense charged against him, if in the language of the statute, has to do with the speed with which he was operating his machine. The indictment need not, therefore, go beyond the language of the statute and specify with further particularity the details as to the precise rate of speed and the circumstances and conditions that rendered such rate of speed unreasonable, improper or dangerous. The language is clear enough to enable the jury to easily understand it, and not so vague as to mislead the accused nor embarrass him in the preparation of his defense, or expose him to substantial danger of another prosecution for the same offense.
Motion overruled.